UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PISARCIK,  Case No. 09-14835

       Plaintiff,  Gerald E. Rosen
vs.  United States District Judge

PRISON HEALTH SERVICES, *et al.*,  Michael Hluchaniuk
    United States Magistrate Judge
       Defendants.
_____/

# REPORT AND RECOMMENDATION
# PARTIAL DISMISSAL UNDER RULE 41
# AND MOTION TO DISMISS (Dkt. 13)

## I.    PROCEDURAL HISTORY

This is a prisoner civil rights case filed on December 14, 2009. (Dkt. 1). On January 8, 2010, District Judge Gerald E. Rosen referred this matter to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636. (Dkt. 6). On March 12, 2010, defendant Prison Health Services filed a motion to dismiss the complaint. (Dkt. 13). On March 16, 2010, the Court issued an order setting a deadline of April 30, 2010 for plaintiff to file a response to the motion to dismiss. (Dkt. 16). In that Order, plaintiff was warned that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**" (Dkt. 16) (emphasis in original). Plaintiff did not file a timely response to the motion to dismiss. On May 12, 2010, the Court issued an

order for plaintiff to show cause why his claims against Prison Health Services should not be dismissed for failure to respond to the motion to dismiss. (Dkt. 18). In the order to show cause, plaintiff was warned that failure to comply with the order to show cause may result in dismissal of plaintiff's complaint. (Dkt. 18). On May 20, 2010, plaintiff filed a motion to extend time to respond to the order to show cause, indicating that there was a brief delay in his receipt of the order because of the mail system. (Dkt. 19). The Court granted a brief extension until June 9, 2010. (Dkt. 20). Plaintiff has still not filed any response to the order to show cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claims against Prison Health Services be **DISMISSED** with prejudice for failure to prosecute and that Prison Health Services' motion to dismiss be **DENIED** as moot.

## II. ANALYSIS AND CONCLUSION

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing

to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot

seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case would be dismissed with prejudice if he failed

to file a response to the motion to dismiss or to file a response to the order to show cause. (Dkt. 16, 18). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to repeated failure to file responses as ordered, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Here, plaintiff repeatedly failed to comply with orders of the court. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

5

Report and Recommendation
*Sue Sponte* Dismissal
*Pisarcik v. Prison Health Services*; 09-14835

## III.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's claims against Prison Health Services be **DISMISSED** with prejudice and that Prison Health Services' motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 18, 2010           s/Michael Hluchaniuk
                              Michael Hluchaniuk
                              United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on June 18, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Ronald W. Chapman, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Charles Pisarcik, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. Elm Road, Jackson, MI 49201.

                              s/Tammy Hallwood
                              Case Manager
                              (810) 341-7887
                              tammy_hallwood@mied.uscourts.gov