UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES PISARCIK, | Case No. 09-14835 |
| Plaintiff, | Gerald E. Rosen |
| vs. | United States District Judge |
| PRISON HEALTH SERVICES, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41 DISMISSAL**

**I.   PROCEDURAL HISTORY**

This is a prisoner civil rights case filed on December 14, 2009. (Dkt. 1). On January 8, 2010, District Judge Gerald E. Rosen referred this matter to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636. (Dkt. 6). In his complaint, plaintiff identified "Dr. Lee." (Dkt. 1). An order directing service by the U.S. Marshal was entered, based on plaintiff's *in forma pauperis* status, using the address provided by plaintiff in his complaint. (Dkt. 4). On March 5, 2010, the waiver of service as to Dr. Lee was returned unexecuted, and the Michigan Department of Corrections (MDOC) indicated that it was not authorized to accept service on behalf of Dr. Lee. (Dkt. 11).

On March 16, 2010, the Court directed the Michigan Department of Corrections to provide certain information about Dr. Lee to the U.S. Marshal and directed the Marshal to effectuate service after receipt of that information. (Dkt. 15). On March 29, 2010, the MDOC wrote a letter to the Marshal indicating that the only physicians named Dr. Lee that it ever employed was a dentist who worked at the Ryan Correctional facility and a psychiatrist who worked at Macomb Correctional facility. (Dkt. 33).

Given that plaintiff's complaint did not involve psychiatric or dental issues and the events about which he complains did not occur at either the Ryan Correctional facility or the Macomb Correctional facility, on July 22, 2010, the Court ordered plaintiff to provide additional information about Dr. Lee by August 23, 2010 so that service could be effectuated. (Dkt. 24). The summons was also extended until September 22, 2010. Plaintiff was cautioned that the onus remained on plaintiff to discover and submit sufficient information for service of all defendants he named in this lawsuit. And, in the event that the Marshal was unable to effectuate service, plaintiff would be required to show "good cause" why this action should not be dismissed, without prejudice, as against any defendant that remains unserved after the expiration of the extended summons. (Dkt. 24). On August 25, 2010, plaintiff responded and indicated that Dr. Lee worked for Prison Health Services and provided an address for service. (Dkt. 25).

On August 30, 2010, the Court again ordered service on Dr. Lee, using the information provided by plaintiff. (Dkt. 26). On September 1, 2010, Prison Health Services filed a notice with the Court indicating that no "Dr. Lee" was affiliated with Prison Health Services for the years 2009 and 2010. (Dkt. 27). On September 27, 2010, the Court again directed plaintiff provide information about Dr. Lee so that service could be effectuated, with the same warnings noted above. (Dkt. 28). The summons was again extended until November 30, 2010. (Dkt. 28). In response, plaintiff persisted in his position that Dr. Lee worked for Prison Health Services. (Dkt. 29). Again, Prison Health Services filed a notice stating that no Dr. Lee was affiliated with it as an employee or independent contractor or in any other capacity at any of the detention facilities it has served through its contract with the MDOC. (Dkt. 30).

On December 3, 2010, the Court ordered plaintiff to show cause why the claims against Dr. Lee should not be dismissed based on his failure to provide the correct name and address so that service could be effectuated. (Dkt. 32). Plaintiff's response was due on December 27, 2010. (Dkt. 32). In this Order, plaintiff was specifically warned that "[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant Dr. Lee should be dismissed for lack of prosecution in accordance with Federal Rule of Civil Procedure 41 and Local Rule 41.2." (Dkt. 32).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claims against Dr. Lee be **DISMISSED** for failure to prosecute.

## II.    ANALYSIS AND CONCLUSION

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court repeatedly warned plaintiff that his case would be dismissed if he failed to identify Dr. Lee so that service could be effectuated. (Dkt. 24, 28, 32). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's repeated failure to identify adequate service information for Dr. Lee as ordered, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5,

citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Here, plaintiff repeatedly failed to comply with orders of the court. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's claims against Dr. Lee be **DISMISSED** for failure to prosecute.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 21, 2011                              s/Michael Hluchaniuk
                                                    Michael Hluchaniuk
                                                    United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 21, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kimberly A. Koester and Ronald W. Chapman, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Charles Pisarcik, #196233, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. Elm Road, Jackson, MI 49201.

                                                    s/Tammy Hallwood
                                                    Case Manager
                                                    (810) 341-7887
                                                    tammy_hallwood@mied.uscourts.gov